IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41439
Conference Calendar

_____


PAUL CELESTINE,

                                        Plaintiff-Appellant,

versus

BRENDA CHANEY, Warden; A. IGLESIAS;
FERNADO MEJIA,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-01-CV-117
- - - - - - - - - -
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Paul Celestine, Texas prisoner #872178, has filed a motion

for leave to proceed in forma pauperis ("IFP") on appeal.  By

moving for IFP, Celestine is challenging the district court's

determination that IFP should not be granted on appeal because

his appeal from the district court's dismissal of his civil-

rights complaint, filed pursuant to 42 U.S.C. § 1983, was not

taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Cir. 1997). Our review of the record and pleadings indicates that the district court did not err in dismissing Celestine's complaint as frivolous and denying his motions to amend. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Bazrowx v. Scott, 136 F.3d 1053, 1054-55 (5th Cir. 1998). Celestine's appeal from the dismissal of his complaint lacks arguable merit, and the district court did not err in finding that the instant appeal was not taken in good faith. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983)(lack of nonfrivolous issue on appeal precludes finding of "good faith" for purposes of 28 U.S.C. § 1915 and FED. R. APP. P. 24).

Accordingly, Celestine's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Celestine's motions for a protective order, emergency injunction, and restraining order are also DENIED.

The dismissal of Celestine's appeal as frivolous counts as a "strike" for the purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Additionally, Celestine garnered one "strike" when a previous 42 U.S.C. § 1983 suit was dismissed by the district court for failure to state a claim. See Celestine v. Eli, No. 00-21098 (5th Cir., Apr. 10, 2001). Celestine also garnered one "strike" when his appeal from the denial of his 42 U.S.C. § 1983

complaint for failure to state a claim was dismissed as frivolous.  Id. Celestine is informed that he has now accumulated four "strikes" under 28 U.S.C. § 1915(g) and that he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.