**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 97-50257
_____


TIMOTHY D. V. BAZROWX,

                                        Plaintiff-Appellant,

                    versus

WAYNE SCOTT, Director,
Texas Department of Criminal
Justice, Institutional Division;
S. O. WOODS, JR.; EVELYN B. WILLIAMS;
KENNETH FLORANCE,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

March 25, 1998


Before JOLLY, WIENER and STEWART, Circuit Judges.

PER CURIAM:

    This appeal from the district court's <u>sua</u> <u>sponte</u> dismissal, pursuant to 42 U.S.C. § 1997e(c), for failure to state a claim on which <u>pro</u> <u>se</u> Plaintiff-Appellant Timothy D. V. Bazrowx, a Texas prison inmate, could recover in his civil rights suit under 42 U.S.C. § 1983, requires us to establish as a matter of first impression in this circuit the appropriate standard of review for such a dismissal and, applying such standard, to determine whether the district court committed reversible error.  We conclude that

such dismissals under § 1997e(c) should be reviewed de novo on appeal, and hold that the district court did not err reversibly in dismissing Appellant's suit without prejudice for failure to state a claim for which relief could be granted.

As Appellant was not proceeding in forma pauperis, his complaint could not be dismissed pursuant to § 1915(e)(2).[1] Under the amendments to § 1997e and § 1915 wrought by the Prison Litigation Reform Act of 1995 (PLRA), the district court is required to dismiss a prisoner's complaint if it fails to state a claim for which relief can be granted. That phraseology is well known from Rule 12(b)(6), under which dismissal is "viewed with disfavor" and is reviewed de novo.[2] Although other circuits have determined that appeals from dismissals under § 1915(e)(2)(B)(ii) and § 1915A for failure to state a claim should be reviewed under the same de novo standard as appeals from dismissals under Rule 12(b)(6),[3] we find no persuasive or controlling authority for the appropriate standard of review for a dismissal under § 1997e(c) for failure to state a claim. As we nevertheless agree with the logic of those circuits that have adopted the de novo standard of review for such dismissals under § 1915(e)(2)(B)(ii) and § 1915A because

---

[1] See Marts v. Hines, 117 F.3d 1504, 1505 (5th Cir. 1997) (en banc) (noting that a dismissal under the IFP statute does not act as a dismissal on the merits but merely as a denial of IFP status), cert. denied, 118 S. Ct. 716 (1998).

[2] Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 246-47 (5th Cir. 1997) (citation and internal quotation omitted).

[3] McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).

that is the appropriate standard for Rule 12(b)(6) dismissals, we today adopt the <u>de novo</u> standard of review as appropriate in this circuit for appeals from such dismissals under § 1997e(c); and we now proceed to review the dismissal of Appellant's claim accordingly.

Generally a district court errs in dismissing a <u>pro se</u> complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.[4] The district court may dismiss an action on its own motion under Rule 12(b)(6) "as long as the procedure employed is fair."[5] True, the district court erred in failing to give Appellant notice of the court's intention to dismiss his suit or an opportunity to amend his complaint.[6] Such error may be ameliorated, however, if the plaintiff has alleged his best case,[7] or if the dismissal was without prejudice.[8]

Here, the district court dismissed Appellant's case <u>without</u> prejudice. Moreover, our careful and thorough <u>de novo</u> review satisfies us that, as it stands, Appellant's complaint does fail to state a claim for which relief could be granted. Given that

---

[4] <u>Moawad v. Childs</u>, 673 F.2d 850, 851-52 (5th Cir. 1982).

[5] 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 301 (2d ed. 1990) (footnote omitted); <u>see</u> <u>Ricketts v. Midwest Nat'l Bank</u>, 874 F.2d 1177, 1185 (7th Cir. 1989) (requiring "both notice of the court's intention and an opportunity to respond" before <u>sua sponte</u> dismissal for failure to state a claim).

[6] <u>See</u> <u>Moawad</u>, 673 F.2d at 851-52.

[7] <u>See</u> <u>Jacquez v. Procunier</u>, 801 F.2d 789, 792-93 (5th Cir. 1986).

[8] <u>See</u> <u>Moawad</u>, 673 F.2d at 851-52.

conclusion and the district court's dismissal without prejudice, any error in failing to give notice and allow amendment is harmless. The ruling of the district court is, therefore, AFFIRMED.