# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 98-10971
Summary Calendar

_____

LAURIE ABDELJALIL, on behalf of Marcus Walker, on behalf of
Sarah Walker, on behalf of Khaled Kasem Abdeljalil, on behalf of
Kasem Mahmoud Abdeljalil, Individually and as Natural Parent and
Next Friend of Marcus Walker, a Minor, and Sarah Walker, a Minor,
and as the Administratrix and Personal Representative of the Estate of
Khaled Kasem Abdeljalil, Deceased, and Kasem Mahmoud Abdeljalil,,

Plaintiff-Appellant,

versus

THE CITY OF FORT WORTH; ET AL.,

Defendants,

TAMMY RACHALL, In her Individual and Official Capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-342-A)

_____

June 22, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Laurie Abdeljalil, in her individual capacity, as well as on behalf of Marcus Walker, Sarah

Walker, Kasem Abdeljalil, and the estate of Khaled Abdeljalil, appeals the dismissal of her 42 U.S.C.

§ 1983, negligence, and gross negligence claims against Tammy Rachall pursuant to Federal Rule of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Civil Procedure 12(b)(6),[1] and the striking of her response to the Rule 12(b)(6) motion. We affirm.

We review the district court's dismissal of claims under Rule 12(b)(6) *de novo*. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). In doing so, we accept the plaintiff's allegations as true, and affirm the dismissal only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *See id.* (internal quotations omitted).

Abdeljalil argues that the district court erred in dismissing her § 1983 individual-capacity claims against Rachall. We disagree. Abdeljalil fails to allege facts that show that Rachall had a duty and power under state law to exercise state authority in controlling the events that produced the injuries suffered. *See Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1415-17 (5th Cir. 1995) (§ 1983 case) (discussing causation in the context of a breach of a state-law duty to act). Rachall therefore cannot be held individually liable under § 1983 for her failure to report Shirley's unauthorized use of the Fort Worth Police Department's computer system.

Abdeljalil also argues that the district court erred in dismissing her § 1983 official-capacity claims against Rachall. The district court dismissed the official-capacity claims against Rachall for being "essentially duplicative of [her] claims against [the] City." We disagree with the district court's determination. A review of the proposed Fourth Amended Complaint discloses that the theory of liability underlying the official-capacity claims against Rachall differs from the theory of liability underlying the claims against Fort Worth directly.[2] The district court therefore erred in dismissing

---

[1]  The district court has certified its order of dismissal as a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b). Although the district court dismissed all of Abdeljalil's claims against Rachall, Abdeljalil only has appealed the dismissal of some her claims against Rachall.

[2]  The proposed Fourth Amended Complaint alleges that Rachall, in her official capacity, "allow[ed] a City of Fort Worth Police Department employee [*i.e.,* Shirley Walker] to use the police department computers to gain access and use confidential unpublished/unlisted telephone numbers and addresses that were 'not meant for public access.'" Based on Rachall's inaction, it alleges that Fort Worth violated the following constitutional obligations: "[n]ot to be deliberately indifferent with connection to the hiring of employees," "[t]o properly train and supervise [municipal] employees," "[n]ot to be deliberately indifferent to the potential of employees' wont to invade a citizen's privacy or to use excessive force against [the] citizen," "[t]o exercise reasonable care in investigating claims of invasion of privacy and excessive force and other police misconduct," to "supervise [municipal]

the official-capacity claims as duplicative.

Despite our rejection of the rationale for the dismissal of the official-capacity claims against Rachall, we uphold the dismissal. There is an alternative ground for affirming. *See Bickford v. International Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. Unit B Aug. 1981) ("reversal is inappropriate if the ruling of the district court can be affirmed on any grounds, regardless of whether those grounds were used by the district court"). To prove that Fort Worth is liable for Rachall's inaction, Abdeljalil must show that an official municipal policy or custom caused the constitutional deprivations that she alleges. *See Brooks v. George County, Tex.*, 84 F.3d 157, 165 (5th Cir. 1996). The proposed Fourth Amended Complaint does not allege facts legally sufficient to show that Rachall's inaction reflected an official municipal policy or custom. It indeed discloses just the opposite, asserting that Rachall, in her official capacity, "violated express and unwritten policies and procedures and customs of the City of Fort Worth Police Department" and that her "violations of [the] express and unwritten policies and procedures played a direct part in the violations of the federal laws and constitutional rights."[3] We therefore affirm the district court's dismissal of the official-capacity claims against Rachall.

Abdeljalil further argues that the district court erred in dismissing her negligence and gross negligence claims against Rachall. We disagree. Abdeljalil has not alleged facts legally sufficient to prove that Rachall's inaction was the proximate cause of her damages.[4] *See Doe v. Boys Club of*

_____

employees in the proper use of privileged and confidential and constitutionally protected information," "[t]o not knowingly approve acts of employee misconduct involving violence, invasion of privacy, use of excessive force, unreasonable searches and seizures," and "[n]ot to be deliberately indifferent to known acts of unconstitutional employee conduct."

[3]     Like the district court, we also have reviewed the Third Amended Complaint  The Third Amended Complaint makes allegations along the same lines as those in the proposed Fourth Amended Complaint. Specifically, it claims that "Rachall knew or should have known that Shirley Walker's conduct was highly improper and illegal" and that Rachall "did nothing) ) even though she had an affirmative duty to report such misconduct."

[4]     The district court correctly recognized that legally insufficient allegations of proximate cause doom both negligence and gross negligence claims. *See Fort Worth Hotel, Ltd. v. Enserch Corp.*, 977 S.W.2d 746, 753 (Tex. App.) ) Fort Worth 1998, n.w.h.) ("Where a jury or court has previously found that the tortfeasor's negligence proximately caused an event, it is axiomatic that the issue of

*Greater Dallas, Inc.*, 907 S.W.2d 472, 477-78 (Tex. 1995) (negligence case) (finding no proximate cause).

Finally, Abdeljalil argues that the district court abused its discretion in striking her response to the Rule 12(b)(6) motion. We disagree. The district court struck Abdeljalil's response because the motion for leave to file a fourth amended complaint that appeared at the end of the response did not comply with Local Rule 7.1(h).[5] Despite this action, it still examined the allegations in the third amended complaint and the proposed fourth amended complaint in deciding Rachall's Rule 12(b)(6) motion. The district court's consideration of the third amended complaint and the proposed fourth amended complaint rendered harmless any error it committed in rejecting those pleadings. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.) (per curiam) (finding harmless the district court's dismissal of a *pro se* § 1983 complaint without providing an opportunity to amend), *cert. denied*, ___ U.S. ___, 119 S. Ct. 156, 142 L. Ed. 2d 128 (1998); *cf. Jamieson ex rel. Jamieson v. Shaw*, 772 F.2d 1205, 1208-09 (5th Cir. 1985) (recognizing that review of a denial of a motion for leave to file an amended complaint based on the futility of the proposed amended complaint "tends to blur the distinction between analysis of the procedural context under [Federal] Rule [of Civil Procedure] 15(a) and analysis of the sufficiency of the complaint under Rule 12(b)(6)").

Accordingly, we affirm.

---

whether that tortfeasor's actions constituted gross negligence turns on the tortfeasor's mental state, not on a re-litigation of the proximate cause issue.").

[5] Local Rule 7.1(h) requires that a motion to amend include a certificate of conference. *See* N.D. TEX. R. 7.1(h) (1997). The response to the motion to dismiss did not include a certificate of conference for the motion for leave to file a fourth amended complaint.