# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 99-30471
Summary Calendar

---

CARL E. GOOSMAN,

Plaintiff-Appellant,

versus

CHARLES C. FOTI, JR., Sheriff; MARY KENNEDY, Administrator;
ALLEN VERRET, Security; J. TAYLOR, QA Nurse;
UNIDENTIFIED PARTIES,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-2198
---------------------------------------------------------
December 1, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Carl E. Goosman, federal prisoner # 01429-028, has filed an application for leave to proceed in forma pauperis (IFP) on appeal, following the district court's dismissal of his 42 U.S.C. § 1983 complaint. By moving for IFP, Goosman is challenging the district court's certification that IFP should not be granted on appeal because his appeal presents no nonfrivolous issues. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Goosman argues that the dismissal of his action without leave to amend was erroneous because the action was not brought in forma pauperis. He contends that the district court's application of 42 U.S.C. § 1997e(c)(1) was erroneous because his claim was merely inartfully pleaded and that a curative amendment could have been made. Goosman is correct that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

could not have dismissed his complaint under 28 U.S.C. § 1915(e) because he had paid the filing fee. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). However, the district court did not dismiss his complaint under the IFP provisions of the PLRA but rather under § 1997e(c)(1), which applies to all prisoner litigation even if the filing fee is paid. Id. Goosman does not state what additional facts he could have pleaded which would have affected the district court's determination that he had failed to state a claim of deliberate indifference.

Goosman argues that the standard utilized by the district court to deny him IFP status to appeal and used to reach its conclusion that he had failed to state a claim was erroneously applied to him in his status as a pretrial detainee. He contends that his case is distinguishable because he was a pretrial detainee in Orleans Parish Prison under contract with the federal government and that his claims should be analyzed under the Fourteenth Amendment instead of the Eighth. He contends that OPP's failure to treat his cancer before his transfer was unconstitutional and not just a disagreement with his treatment. He contends that if the case had been allowed to proceed and if he had been allowed to amend his complaint, he would have been entitled to relief.

When a claim is based on the "episodic acts or omissions" of jail officials, the standard of subjective deliberate indifference enunciated in Farmer v. Brennan, 511 U.S. 825, 837-40 (1994), is applicable. See Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996)(en banc). The district court applied the correct standard. Goosman suggests that OPP could have contacted the Federal Bureau of Prisons in order to begin his cancer treatments sooner, but he does not allege any facts to show why his treatment was delayed or that the delay was attributable to deliberate indifference.

Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. Goosman's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). We caution Goosman that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.