IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21030
Conference Calendar

_____


JOE H. MACK,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Director Texas Department of Criminal Justice,
F. FIGUEROA; M. BROCK; L. ARNOLD; JAMES HOSEA, Captain;
B.M. VINCENT; DR. DAVID LE; NURSE ALLEN; MS. RICHARD;
MR. J. ENSON; MS. LOVELADY; RICHARD THALER, Warden; TIMOTHY
SIMMONS, Warden; ROBERT CHANCE, Warden; TIMOTHY MASSEY, Captain;
HIRSCH, Lieutenant; DRAKE, Sergeant; STIGERS, Correctional
Officer; DENNIS, Correctional Officer; PARNELL, Correctional
Officer; DEAN, Sergeant; MILLER, Sergeant,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-2550
- - - - - - - - - -
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

     Joe Henry Mack, Texas prisoner # 671331, appeals the

dismissal of his complaint pursuant to 42 U.S.C. § 1985.  The

district court, sua sponte, dismissed the suit for failure to

state a claim under Fed. R. Civ. P. 12(b)(6) because Mack failed

to allege a conspiracy.  See Newberry v. East Texas State Univ.,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

161 F. 3d 276, 281 (5th Cir 1998).  Mack did not establish a claim under § 1985(3) as he did not allege a race-based conspiracy and could not have alleged a viable conspiracy claim had he been given the opportunity to amend his complaint. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998); Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999).

Mack has at least two verified strikes against him.  Mack v. Mohr, No. 98-40375 (5th Cir. Feb. 9, 1999)(unpublished).  Mack has acquired another strike as a result of the district court's dismissal of the instant complaint under Rule 12(b)(6), which we now AFFIRM.  Mack may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

AFFIRMED; 28 U.S.C. § 1915(g) BAR IMPOSED.