United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20049
Summary Calendar
_____

THOMAS J. DURBIN,

Plaintiff-Appellant,

versus

JOHN DOE, Officer; TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
INTERNATIONAL HARVESTER CO; BLUE BIRD BUS CO; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE BUS DRIVER; CO-WORKER
#1 - #2; FORD PICK-UP TRUCK DRIVER; CONSTRUCTION CO,
working on N Loop 6/0 E; CITY OF HOUSTON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2289
--------------------

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Thomas J. Durbin, Texas prisoner # 618341, appeals the

district court's sua sponte dismissal under 28 U.S.C.

§ 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c) of his 42 U.S.C.

§ 1983 action. The district court determined that Durbin failed

to state a claim for which relief could be granted under 42

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.C. § 1983 because he failed to allege the deprivation of a constitutional right.

Durbin first argues that the court erroneously dismissed his action for failing to state a claim.  We review dismissals under 28 U.S.C. § 1915 and 42 U.S.C. § 1997e de novo.  Newsome v. E.E.O.C., 301 F.3d 227, 231 (5th Cir. 2002), cert. denied, 123 S. Ct. 660 (2002); Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).

To demonstrate an Eighth Amendment violation, a prisoner must show the prison official had a "sufficiently culpable state of mind," that being "'deliberate indifference' to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A prison official cannot be liable for deliberate indifference under the Eighth Amendment unless "the official *knows of* and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he also must draw the inference*."  Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001).  Durbin has not made this requisite showing; the district court did not err when it dismissed Durbin's suit for failure to state a claim.

Next, Durbin argues that the district court erred when it dismissed his case on its merits under 28 U.S.C. § 1915, the in forma pauperis statute, which does not provide for dismissal on the merits, but rather only dismissal of in forma

pauperis status.  Not all dismissals under the in forma pauperis statute are without prejudice.  See Marts v. Hines, 117 F.3d 1504, 1504 (5th Cir. 1997) (en banc) (holding that dismissals of frivolous claims under 28 U.S.C. § 1915(e)(2)(B)(i) are presumed to be with prejudice).  Further, 42 U.S.C. § 1997e is not an in forma pauperis statute.  It is clear that Durbin's suit was dismissed on the merits under both statutes employed by the district court.

Durbin last argues that the district court erred by dismissing his suit with prejudice without giving him notice of its intent to dismiss and an opportunity to respond or amend his complaint a second time.  Error of this nature is ameliorated when the plaintiff has alleged his best case.  Bazrowx v. Scott, 136 F.3d at 1054.  Based on a review of Durbin's original complaint, his first amended complaint, and his proposed second amended complaint, we conclude that any error was harmless because Durbin had pleaded his best case.  See id.

Because the district court committed no reversible error, its judgment is AFFIRMED.