United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-30306
Summary Calendar

ROBERT W. FISHER,

Plaintiff-Appellant,

versus

ELI WILSON; PAUL MEYERS; DEMITA FAIR;
BURL CAIN; RICHARD L. STALDER; ROBERT ANCORD,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CV-924-B
--------------------

Before Higginbotham, Smith, and Clement, Circuit Judges.

PER CURIAM:[*]

Robert W. Fisher, Louisiana prisoner # 125273, appeals the
district court's dismissal for failure to state a claim, pursuant
to 28 U.S.C. § 1997e(c), of his 42 U.S.C. § 1983 civil rights
lawsuit against a fellow inmate and various prison officials,
alleging that they had conspired to violate his due-process
rights by convicting him of a false disciplinary case, resulting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in the forfeiture of good-time credits and his transfer to Camp J extended lockdown. The district court's dismissal is reviewed de novo. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).

Fisher contends that the district court's dismissal was error because he has stated a claim under the Due Process Clause. He specifically argues that dismissal on the ground that he sought monetary relief for lost good-time credits was error because the loss of good-time credits was not the basis for his due-process claims. Fisher concedes that any claim regarding the loss of his good-time credits is barred and asserts that he never presented such a claim to the district court. He asserts that his due-process claims were instead based on his transfer to Camp J, urging that he had a liberty interest in not being placed in extended lockdown or confined to a maximum-security ward.

Even assuming arguendo that such claim can be independently raised and is not barred, the district court did not err in its ultimate conclusion that Fisher's complaint failed to state a claim because Fisher has not shown how placement in extended lockdown presented an atypical or significant hardship beyond the ordinary incidents of prison life, giving rise to a constitutionally protected liberty interest that would trigger due-process guarantees. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003). The district court's judgment is therefore AFFIRMED.

AFFIRMED.