United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-20462
Summary Calendar

———————————

BILL STRINGHAM; FRANKLIN H. BROWN, SR.; KENNETH D. STRINGHAM,

                                    Plaintiffs-Appellants,

versus

JIM TITSWORTH, individually and collectively doing business as
Titsworth Kennels; JOHN WESLEY WAUSON; TEXAS PARAMUTUAL
MANAGEMENT, INC.; SYLVIA TITSWORTH; TIMOTHY TITSWORTH, doing
business as Titsworth Kennels; DEAN A. HRBACEK; JAMES D. HAMMACK;
ERIC H. NEWTON; CARBETT J. DUHON; CHERI DUNCAN; CARLA COTROPIA;
MAUREEN KUZIK; GULF GREYHOUND PARTNERS, LTD.; NATIONAL GREYHOUND
ASSOCIATION; DAVID FREEMAN; PAULA COCHRAN CARTER FLOWERDAY; JOHN
T. WILLIAMS; TOM NEELY; JOHN AND JANE DOE,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4610
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Bill Stringham, Franklin H. Brown, Sr., and Kenneth D.

Stringham ("Appellants") appeal from the district court's

dismissal, with prejudice, of their action.  The Appellants'

motion to strike the appellees' briefs is DENIED.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The Appellants' complaint, filed in October 2002, asserted claims under federal civil rights statutes as well as supplemental state law claims. After several defendants moved to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the district court determined that the various claims arose no later than 1997 and dismissed the Appellants' claims as time barred.

Because the district court determined that the Appellants' claims were time barred, it was not premature for the district court to dismiss the action without reaching the merits of the claims. See F.D.I.C. v. Dawson, 4 F.3d 1303, 1311-12 (5th Cir. 1993). The Appellants have not shown that they are entitled to invoke the fraudulent concealment defense to the statute of limitations. See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998); Borderlon v. Peck, 661 S.W.2d 907, 908 (Tex. 1983).

Our examination of the record and the Appellants' brief convinces us that the Appellants pleaded their best case, and accordingly we have determined that the district court did not err in dismissing the action with prejudice. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). The Appellants' argument that it was error for the district court to dismiss the action without requiring a response from all defendants, is, in effect, another attempt to force a consideration of claims that are time-barred, and does not entitle them to relief. See Dawson, 4 F.3d at 1311-12. Finally, the Appellants have not shown that the

denial of their motion for the appointment of counsel was an abuse of discretion.  See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED; MOTION DENIED.