United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30416
Summary Calendar

ANNIE LAURA THOMPSON,

Plaintiff-Appellant,

versus

HARRY LEE; Etc.; ET AL.,

Defendants,

HARRY LEE, Sheriff, both individually and in his official
capacity as Sheriff of Jefferson Parish; FRANZ ZIBILICH, both
individually and as counsel for Harry Lee, Sheriff of Jefferson
Parish; DAVID ZAREK,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-2740-B
--------------------

Before SMITH, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Annie Laura Thompson appeals the district court's dismissal

of her Federal Tort Claims Act complaint on grounds of res

judicata, collateral estoppel, and untimeliness. She argues that

the district court erred by dismissing the complaint without

notice and without giving her an opportunity to file an amended

complaint; that principles of res judicata and collateral

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

estoppel do not apply because her claims were not resolved on the merits in prior litigation; that her claims against defendant Zarek were timely and, alternatively, that the limitations period contained in 28 U.S.C. § 2401(b) should equitably tolled as to those claims; that the district court should have recused itself from the case; that the district court held Thompson, a pro se litigant, to unreasonably stringent standards; and that the district court erred by construing her motion for reconsideration as sounding under FED. R. CIV. P. 60(b) and by denying relief.

The district court dismissed Thompson's complaint without prejudice. As the factual allegations and legal argument that Thompson raises on appeal are identical to the claims that she raised in the district court, we conclude that the lack of notice and a chance to amend prior to dismissal were harmless. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). By failing to brief the issues, Thompson has abandoned her other challenges to the procedures employed by the district court. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

We agree with the district court that Thompson's claims against defendants Zarek, Lee, Zibilich, Smith and Yates are barred by principles of res judicata and collateral estoppel. Mowbray v. Cameron County, Texas, 274 F.3d 269, 281 (5th Cir. 2001), cert. denied, 535 U.S. 1055 (2002); Stripling v. Jordan Prod. Co., L.L.C., 234 F.3d 863, 868 (5th Cir. 2000). Likewise,

we find no error in the district court's determination that Thompson's claims under Federal Tort Claims Act against defendant Zarek are untimely and that Thompson is not entitled to equitable tolling of the applicable limitations period.  See Ramming v. United States, 281 F.3d 158, 162 (5th Cir. 2001).  The denial of Thompson's motions for recusal was entirely within the discretion of the district court.  United States v. MMR Corp., 954 F.2d 1040, 1045-46 (5th Cir. 1992).  Thompson's conclusional assertion that the district court held her to an impermissibly high standard for a pro se litigant does not warrant relief.  We find no error in the district court's analysis of Thompson's motion for reconsideration, filed more than ten days after entry of judgment, as sounding under FED. R. CIV. P. 60(b).

AFFIRMED.