# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-30392
Summary Calendar

LESTER L WASHINGTON, MA, M.ED, LCGC, ABD, Past President of East
Baton Rouge Parish Association of Educators

Plaintiff-Appellant

V.

REGGIE WEAVER, National Education Association (NEA) President,
CAROL DAVIS, Louisiana Association of Educators (LAE) President; EAST
BATON ROUGE PARISH ASSOCIATION OF EDUCATORS BOARD OF
DIRECTORS (EBRPAE) of 2001-2003; SUSIE RIVET; ANITA HAYWOOD;
VENTRESS COFER; VERA ELLOIS; LOUISE SMITH; FRAN SCHURTZ;
ERNIE BLANSON; CHRIS BLANCHARD; JEFF TRAVASOS; BERNADINE
MCFADDEN

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-451

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lester L. Washington ("Washington") challenges the district court's grant
of dismissal under Federal Rule of Civil Procedure 12(b)(6) and denial of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

motion to amend, and he claims various errors by the district court.[1] Washington's pro se complaint consists of forty-nine pages of conclusory statements and an additional 134 pages of attachments, including correspondence, handwritten notes, handbook excerpts, and bank statements. Together, these items fail to allege sufficient facts to indicate that Washington is entitled to relief. Therefore, we affirm the district court's order of dismissal. Because Washington's proposed amendment simply provides twenty pages of additional conclusory allegations, another $10 million of claimed losses, and adds nothing of substance to his prior complaint, we agree with the district court that permitting the amendment would be futile. We also find no abuse of discretion in the various rulings of the district court that Washington challenges.

We review de novo a district court's dismissal under Rule 12(b)(6), viewing all well-pleaded facts in the light most favorable to the plaintiff. See, e.g., Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Id. (quoting Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)). Although we construe pro se complaints liberally, we will not "'accept as true conclusory

---

[1] Though not raised by the parties, we must examine our jurisdiction in all cases sua sponte. There is some confusion as to whether Washington intended to sue Reggie Weaver (who was NEA president), the NEA itself, or both; and whether he intended to sue Carol Davis (who was LAE president), the LAE, or both. The record indicates that Weaver, the NEA, and the LAE were not properly served, nor did they appear. See FED. R. CIV. P. 4(e). The district court dismissed the complaint as to defendants Carol Davis, East Baton Rouge Parish Association of Educators Board of Directors (EBRPAE) of 2001-2003, Susie Rivet, Anita Haywood, Ventress Cofer, Vera Ellois, Louise Smith, Fran Schurtz, Ernie Blanson, Chris Blanchard, Jeff Travasos, and Bernadine McFadden; however, the court did not mention Weaver, the NEA, or the LAE. We have held that "unserved defendants are not parties for purposes of Rule 54(b) and a judgment does not lack the finality necessary for appeal merely because claims against unserved defendants are unresolved." Ins. Co. of N. Am. v. Dealy, 911 F.2d 1096, 1099 (5th Cir. 1990). Accordingly, we have jurisdiction over this appeal.

allegations or unwarranted deductions of fact.'" Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002) (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000)).

We review a district court's denial of leave to amend under Rule 15(a) for an abuse of discretion; however such discretion is limited by the rule, which states that leave to amend should be freely given "when justice so requires." FED. R. CIV. P 15(a)(2); Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (noting that Rule 15(a) "evinces a bias in favor of granting leave to amend."). "Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). However, it is within the district court's discretion to deny a motion to amend if it is futile. Stripling, 234 F.3d at 872-73.

Washington has brought suit against the National Education Association ("NEA"), and/or its president, Reggie Weaver[2]; Louisiana Association of Educators ("LAE") and/or its president Carol Davis; the East Baton Rouge Parish Association of Educators ("EBRPAE") board of directors from 2001 through 2003, Susie Rivet, a past president of the association, and board members Anita Haywood, Ventress Cofer, Vera Ellois, Louise Smith, Fran Schurtz, Ernie Blanson, Chris Blanchard, Jeff Travasos, and Bernadine McFadden. Washington was the president of the EBRPAE, a constituent organization of the NEA and LAE, beginning in 2001, but was removed from office in 2002 in connection with a criminal prosecution that resulted in his conviction. Washington's complaint sets forth a lengthy list of grievances against the defendants, documenting perceived mistreatment in connection with his stewardship of the organization and his criminal prosecution.

---

[2] See n.1, supra.

The appellant raises numerous theories of liability as to which he lacks standing. For example, he sues under the Fourteenth Amendment. None of the twelve defendants are state actors, so no claim lies under the Fourteenth Amendment. See U.S. CONST. amend. XIV, § 1. Similarly, his claims for alleged violations of child abuse laws, Title IX, and the Sarbanes-Oxley Act were properly dismissed for lack of standing. Dismissal was also appropriate as to Washington's allegations that defendants are liable for misapplying the Louisiana civil service rules regarding paid leave, since none of the defendants are state actors subject to the leave requirements.

Washington argues that the defendants improperly obtained insurance proceeds for losses they wrongly attributed to theft by Washington when the money was actually stolen by one or more of the defendants. Whatever the validity of this belief, there is no indication that Washington himself suffered any compensable harm; accordingly, there is no factual support for his standing to assert this claim.

There is no factual support to Washington's contention that the defendants were derelict or negligent in any duty they owed to him. In short, there are no allegations that the defendants – supervisors or board members of an organization that Washington presided over – had any specific duty with regard to Washington, nor that any claimed negligence or dereliction in their supervision of the EBRPAE can be remedied by Washington's lawsuit. In addition, Washington's lengthy complaint shows beyond doubt that he may prove no set of facts to entitle him to relief under whistleblower protection laws, the Federal False Claims Act, Title VII, the Louisiana Crisis Leave Program, and under theories of contractual violations, libel, slander, and defamation. Initially, Washington claims that he was mistreated in retaliation for reporting "child abuse" against a seventeen year old office worker in the EBRPAE office; however, it is unclear what statutorily-protected activity Washington claims to

have engaged in, or the acts of defendants to retaliate against him. He appears to claim protection under the federal Whistleblower Protection Act, 5 U.S.C. § 2303(b) (1989) and the Sarbanes-Oxley Act. However, the Whistleblower Protection Act only applies to claims by federal civil servants against their governmental employers, and there is no indication that Washington made any report of Sarbanes-Oxley improprieties. Such statutes, therefore, do not apply here.

Similarly, Washington fails to state a claim upon which relief can be granted under the False Claims Act. Again, this statute only imposes liability for false or fraudulent conduct with regard to claims made against the government. See 31 U.S.C. § 3729 (1994). Washington does not allege that the defendants in this case committed any wrongdoing in connection with claims against the government; accordingly, no cause of action lies.

It is again unclear what claims Washington wishes to bring under Title VII, since his conclusory allegations include no specific instances detailing discrimination or a hostile workplace, nor that any of the defendants are his "employer" for purposes of the Civil Rights Act of 1964. In any case, Washington failed to file a charge of discrimination with the EEOC within 300 days after learning of any discriminatory conduct; accordingly, his claims would be prescribed. Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998) (citing 42 U.S.C. § 2000e-5(e)(1)).

Finally, Washington alleges an undifferentiated set of wrongdoing including unnamed contractual violations and "INTENTIONAL LIBEL, SLANDER AND DEFAMATION: TO DESTROY ONE'S CAREER, REPUTATION, AND FUTURE: intentional, WILLFUL, HOSTILE AND MALICIOUS slander and defamation of a Licensed and certified Tenured Guidance Counselor without holding a Due Process, Grievance, or Impeachment Hearing according to EBRPSS, EBRPAE, NEA, LAE, LDOE, USDOE, Const.

Amendment 14 and other Laws and Policies." Despite the marked length of Washington's complaint, his allegations fail to "provide notice of the circumstances which give rise to the complaint," or "set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999). The complaint certainly does not sufficiently state a claim for relief under any of these theories of liability. Accordingly, dismissal was appropriate.

Although dismissal without leave to amend under Federal Rule of Civil Procedure 15 is disapproved of, it is appropriate where the plaintiff has clearly alleged his best case, Bazrowx, 136 F.3d at 1054, or amendment would be futile. Stripling, 234 F.3d at 872-73. Here, the amended complaint proposed by Washington does nothing to cure his failure to state a claim upon which relief may be granted. In sum, the proposed amendment makes clear that leave to amend will not remedy Washington's failure to state a claim. Accordingly, the district court did not err in dismissing Washington's complaint without prejudice.

Finally, Washington appears to challenge a number of rulings by the district court, including the refusal to accept a number of documents filed while this case was on appeal. Washington argues, in part, that the court "engaged in intention or unintentional obstruction of justice and suppression and sequestering of evidence . . .," "misread[] the complaint and enter[ed] false accusations and information in [the] docket . . .," "erred in allowing the defense to illegally file documents and motions without sending them to the Pro Se Plaintiff for responses," "erred in rushing to dismiss the case in violation of FRAP Rules without clear factual reasons, support, or basis . . .," "intentionally ignored volumes of facts, due process of law, amendments, and illegally dismissed this case . . .," "showed (unintentional) bias, prejudice, and

discrimination against him as a Pro Se Plaintiff in not allowing him to file responses electronically . . .," and "erred in assuming that because the Plaintiff Pleaded No Contest in his criminal trial that he is guilty, suffered no harms, had a fair trial in the 19th JDC, and did not deserve a fair trial in the USDC MDL with all facts, affidavits, depositions, sworn statements, discovery, pretrial conferences, time dated materials and other FRAP requirement[s] adhered to[.]" After reviewing the record and Washington's allegations, we conclude that the district court did not abuse its discretion.

As the district court explained, liberal construction of a pro se complaint does not permit a plaintiff to make baseless assertions against the judiciary. We concur that,

> Neither the modern view of civil pleading nor the liberal pro se practice of this court has done away with the time honored notion that the law and the courts of the United States are important parts of American society worthy of respect. This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge.

Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978).

Accordingly, we AFFIRM the district court's order.