# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2013

Lyle W. Cayce
Clerk

No. 13-10283
Summary Calendar

JAVIER ROBLES PANTOJA,

Plaintiff-Appellant

v.

FORT WORTH TEXAS POLICE DEPARTMENT; FORT WORTH TEXAS POLICE DEPARTMENT EVIDENCE ROOM SUPERVISOR; FORT WORTH TEXAS POLICE DEPARTMENT SHERIFF,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-159

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In 2013, Plaintiff-Appellant Javier Robles Pantoja (Robles), currently federal prisoner # 41488-080, filed a 42 U.S.C. § 1983 action asserting that the defendants had seized personal property from him at the time of his arrest but failed to return the items when the charges against him were dismissed in 1989. The district court dismissed the complaint as frivolous and for failure to state a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim, pursuant to 28 U.S.C. § 1915A(b)(1). Robles now challenges the validity of that ruling. We review the dismissal de novo. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Before this court, Robles argues that the district court erred in concluding that his claims were barred by the applicable limitations period. He maintains that the time should not have begun to run until 2012, when he learned that he would not receive his property. The statute of limitations for a § 1983 claim is the same as for a personal injury action in the applicable state. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). The limitations period begins to run when the plaintiff knows, or has reason to know, of the injury or damages that form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1985). Robles has not shown that the district court erred in applying the two-year limitations period and dismissing Robles's complaint as frivolous or for failure to state a claim. *See id.*; *Bazrowx*, 136 F.3d at 1054.

Robles's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal of the underlying complaint as frivolous and for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Robles that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.