# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2013

Lyle W. Cayce
Clerk

No. 13-10170
Summary Calendar

REGINALD DALE PETERS,

Plaintiff-Appellant

v.

TEXAS COURT OF CRIMINAL APPEALS,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CV-246

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[1]

Reginald Dale Peters, Texas prisoner # 1361704, filed a pro se pleading entitled "Notice of Appeal on Motion for Leave to File Original Application for Writ of Mandamus," complaining that the Texas Court of Criminal Appeals (TCCA) had unconstitutionally denied his writ of mandamus, through which he had sought to have the state trial court clerk ordered to return his original habeas corpus application and all attached documents, along with a written admonishment of the defects in the application. The district court, construing

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the pleading as either a Petition for Writ of Mandamus or a complaint pursuant to 42 U.S.C. § 1983, dismissed the action without prejudice for failure to state a claim.  Peters thereafter filed a motion through which he purportedly sought to correct clerical errors in his original complaint.  The district court construed the motion as a motion for new trial or to amend or alter the judgment pursuant to Federal Rule of Civil Procedure 59 and denied it.  Peters now appeals the dismissal of his original complaint and the denial of his post-judgment motion. He also contends that the district court should have granted him leave to amend his complaint.

After an independent review of the record, we agree with the district court that although Peters attempts to couch his complaint in terms of a civil action alleging violations of his constitutional rights, the only remedy he seeks against the TCCA is in the nature of mandamus relief.  Federal courts, however, do not have the authority to direct a state court's actions under the circumstances alleged by Peters.  *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); 28 U.S.C. § 1361.  Moreover, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."  *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986).  Accordingly, we agree that Peters failed to plead facts sufficient to state a claim for relief that was plausible on its face.  *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

Also without merit is Peters's challenge to the denial of his post-judgment motion, which he contends should have been construed as a motion filed pursuant to Federal Rule of Civil Procedure 60, rather than Rule 59.  This challenge, however, is based on the flawed contention that a motion for reconsideration must be filed within 10 days of the entry of judgment for it to be considered pursuant to Rule 59.  Here, Peters's post-judgment motion was submitted for filing within 28 days of the entry of the judgment of dismissal and hence was timely filed under Rule 59.  *See* FED. R. CIV. P. 59(b).  Aside from the

foregoing contention, Peters makes no argument that the district court erred in denying his post-judgment motion, regardless of whether he filed it pursuant to Rule 59 or Rule 60.  He therefore has abandoned any argument regarding that ruling.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Further, the district court did not err in dismissing Peters's complaint without giving him the opportunity to amend.  In general, a district court errs if it dismisses a complaint for failure to state a claim without giving the plaintiff "notice of the court's intention to dismiss his suit or an opportunity to amend his complaint." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  Even so, we have held that any such error "may be ameliorated . . . if the dismissal was *without prejudice*," as is the case here.  *Id.* (emphasis added).

AFFIRMED.