# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-51071
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2014

Lyle W. Cayce
Clerk

PHILIP ROBERT CRITCHLEY, JR.; MICHAEL POWERS; CARY A. WILKE; STEVEN M. SCHUELKE; RICHARD C. STRICKLIN; MICHAEL R. ADAMS,

Plaintiffs-Appellants

v.

RICK PERRY, Governor, State of Texas; JERRY MADDEN, State Representative; JOHN DOE AND JANE DOE, REPRESENTATIVES, who voted in favor of $100.00 copay bill; JOHN DOE AND JANE DOE, SENATORS, who voted in favor of $100.00 copay bill; BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-857

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Philip Robert Critchley, Jr., Michael Powers, Cary A. Wilke, Steven M. Schuelke, Richard C. Stricklin, and Michael R. Adams (the Appellants) filed a civil rights lawsuit challenging § 501.063 of the Texas Government Code,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which requires state inmates to pay an annual $100 health care services fee from their prison trust accounts if they initiate visits to health care providers. The court dismissed the lawsuit under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

In their original complaint, the Appellants sought a declaration that the statute: violates the Due Process Clause of the Fourteenth Amendment through faulty notice of the recent enactment; constitutes double-taxing and extortion; supports a disparate impact Title VII claim; and is an impermissible taking that violates the Due Process and Equal Protection Clauses. None of these substantive issues have been briefed. Although this court liberally construes briefs filed by pro se litigants, even they must brief arguments in order to preserve them. *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

In a proposed amended complaint, the Appellants contended also that § 501.063 violated their Eighth Amendment right against cruel and unusual punishment. Although the Eighth Amendment issue has been briefed, it is foreclosed by this court's recent opinion in *Morris v. Livingston*, 739 F.3d 740, 746-52 (5th Cir. 2014), *petition for cert. filed* (Apr. 8, 2014) (No. 13-9764).

The Appellants contend that the district court erred in failing to permit amendment of the complaint prior to its dismissal, in dismissing the complaint with prejudice, and in dismissing the complaint prior to service of the defendants. No reversible error has been shown. "[The district] court shall dismiss the case *at any time* if [it] determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." § 1915(e)(2)(B); *see also Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991). In light of *Morris*, there is no reason to believe that the Appellants could have cured the deficiencies in their pleadings through amendment, and any error in

No. 12-51071

refusing to permit the Appellants to amend their complaint once as a matter of right under Rule 15(a) of the Federal Rules of Civil Procedure was harmless. *See* 739 F.3d at 746-52; *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054-55 (5th Cir. 1998).

Next, the Appellants contend that the district court erred by dismissing the original defendants on Eleventh Amendment immunity grounds. There was no error. The district court determined properly that Brad Livingston, in his official capacity as Director of the Texas Department of Criminal Justice, was the proper party defendant. *See Morris*, 739 F.3d at 746.

AFFIRMED.