# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20412
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2017

Lyle W. Cayce
Clerk

CHARLES WOMBA HOLMES,

Plaintiff-Appellant

v.

JOHN POLLOCK,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1622

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Charles Womba Holmes, Texas prisoner # 01724919, filed a 42 U.S.C. § 1983 complaint arguing that the defendant violated various constitutional rights by improperly recording a phone conversation between him and the minor victim without first obtaining a warrant, court order, or parental consent. Holmes was convicted of sexual assault of a child.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20412

The district court dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) because Holmes's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Holmes appeals the district court's dismissal of his complaint. We review a dismissal of a complaint under § 1915A(b)(1) de novo. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010).

A plaintiff in a § 1983 action may not recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Holmes contends that his claims are not barred by *Heck* because his complaint does not call into question his conviction for sexual assault of a child. He argues that any error in the admission of the recording was harmless because there was other evidence to support his conviction. We disagree.

On direct appeal, Holmes argued that the evidence was insufficient because of inconsistencies in the victim's testimony and because the testimony of the victim and her mother conflicted with that of Holmes and two witnesses who testified that the victim and her mother had fabricated their testimony. Further, the jury deliberated for nine hours before reaching a verdict. If the district court were to grant Holmes relief as to his claims, it would implicitly call into question the validity of his conviction. *See Heck*, 512 U.S. at 487. Given that Holmes's § 1983 claims are barred by *Heck*, any error by the district court in dismissing the complaint without giving Holmes an opportunity to amend was harmless. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

2

No. 16-20412

The district court's dismissal of Holmes's complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Holmes is warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.