# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2022

Lyle W. Cayce
Clerk

No. 21-10407
Summary Calendar

Edwin Horton Witherspoon,

*Plaintiff—Appellant*,

*versus*

Bill Waybourn, *Tarrant County Sheriff*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-313

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Edwin Horton Witherspoon, Tarrant County inmate # 0458991, filed a 42 U.S.C. § 1983 suit against Tarrant County Sheriff Bill Waybourn, in which he raised numerous civil rights violations stemming from the Tarrant County Jail's compliance with protocol during the COVID-19 pandemic,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

specifically a March 2020 executive order issued by the Texas governor. Witherspoon appeals the dismissal of his suit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. He also argues that the district court erred in not permitting him to amend his complaint.

We review a dismissal under Rule 12(b)(6) for failure to state a claim de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[]." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). We should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal quotation marks and citation omitted).

Witherspoon argues that the district court abused its discretion when it granted Sheriff Waybourn's Rule 12(b)(6) motion, including its conclusion that supervisory liability should not apply in this matter. He contends that Sheriff Waybourn and the Tarrant County Sheriff's Office (TCSO) failed to comply with the governor's executive order for COVID-19 protocols and that such noncompliance amounted to deliberate indifference to his safety and health needs and created unsafe living conditions.

To the extent that Witherspoon argues that Sheriff Waybourn is liable as a supervisor, Witherspoon has not demonstrated an erroneous 12(b)(6) dismissal of his claims by the district court because he has not stated a facially plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Witherspoon did not set forth in the district court, nor does he argue here outside of a general

assertion, that Sheriff Waybourn was personally involved in any act that constituted noncompliance with the executive order. Moreover, he did not allege and fails to claim here that Sheriff Waybourn's conduct was causally related to any constitutional violation. *See Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003). Therefore, he fails to show that the district court erred in granting the sheriff's 12(b)(6) motion to dismiss on the issue of supervisory liability. *See Dorsey*, 540 F.3d at 338.

Similarly, Witherspoon has not established that the district court erred in its Rule 12(b)(6) dismissal of his deliberate indifference claims against Sheriff Waybourn. *See Iqbal*, 556 U.S. at 678. Witherspoon did not lodge specific allegations in the district court as to any element of deliberate indifference by the sheriff and fails to do the same on appeal. Witherspoon generally alleges omissions and a lack of compliance with Governor Abbott's COVID-19 executive order, but he conceded in his pleadings that the jail took numerous preventative and remedial safety measures during the pandemic. Therefore, Witherspoon has not demonstrated that the district court erred in dismissing Witherspoon's claims of deliberate indifference against Sheriff Waybourn based on episodic acts and omissions. *See Dorsey*, 540 F.3d at 338; *Hare v. City of Corinth*, 74 F.3d 633, 636, 647-48 (5th Cir. 1996) (en banc).

Witherspoon challenges the conditions of his confinement, including the handling of chemicals and sanitary conditions, and the district court's dismissal of those claims. However, he does not detail how the practices surrounding the maintenance of chemicals and sanitation amounted to a "pervasive pattern of serious deficiencies in providing for his basic human needs." *Shepherd v. Dallas Cty.*, 591 F.3d 445, 454 (5th Cir. 2009). To the extent he argues that the effects of the COVID-19 pandemic resulted in unconstitutional conditions of confinement, Wilson again has not explained how a pervasive pattern of errors or deficiencies by jail officials impinged on

his basic human needs. *See id.* Consequently, Witherspoon has not demonstrated that the district court erred in its Rule 12(b)(6) dismissal of his conditions of confinement claims against Sheriff Waybourn. *See Dorsey*, 540 F.3d at 338.

Additionally, Witherspoon argues that the district court failed to apply to him the legal standards for pretrial detainees. However, the record establishes that it indeed applied that standard to Witherspoon's claims. Therefore, Witherspoon has demonstrated no error in the district court's analysis of his claims as a pretrial detainee.

Finally, Witherspoon challenges the failure of the district court to allow him to amend his complaint so that he could offer factual elaboration on his claims. However, Witherspoon indeed filed an amended complaint, the district court provided him with a questionnaire regarding, inter alia, his claims against Sheriff Waybourn, and Witherspoon completed and submitted that form. Therefore, Witherspoon has demonstrated no error by the district court in regard to amending his complaint. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

AFFIRMED.