United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41644
Summary Calendar

JOE A. FLORES,

Plaintiff-Appellant,

versus

CECILIA OKOYE, P.A. in her individual and official capacity;
ROBERT VICTORIA, M.D., in his individual and official capacity;
LUCY MARTINEZ, R.N., in her individual and official capacity;
EUGENE TROTTER, P.A., in his individual and official capacity;
MAXIMILIANO HERRERA, M.D., in his individual and official
capacity; AHLA SHABAAZ, R.N.P., M.S.N., M.P.H., in his
individual and official capacity; ROCHELLE MCKINNEY, R.N., M.A.,
in her individual and official capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CV-29
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joe A. Flores, Texas inmate # 855743, appeals the dismissal
of his in forma pauperis complaint as frivolous pursuant to
28 U.S.C. § 1915(e)(2). In his complaint, Flores claimed that
defendants Cecelia Okoye, Dr. Robert Victoria, Lucy Martinez,
Eugene Trotter, Dr. Maximiliano Herrera, Ahla Shabazz, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rochelle McKinney were deliberately indifferent to his serious medical needs.

Flores maintains that the defendants have refused to treat him for Hepatitis C even though a physician at a hospital in Galveston, Texas, has recommended such treatment.  He contends that the refusal to treat him for Hepatitis C, which is based on an analysis of his enzyme level, constitutes deliberate indifference.

A doctor's failure to follow the advice of another doctor suggests nothing more than a difference in opinion as to the appropriate method of treatment under the circumstances, and is not evidence of deliberate indifference.  See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999).  Flores has not shown that the district court abused its discretion in dismissing his action as frivolous.  See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).  To the extent that Flores pleaded other grounds for his deliberate indifference claims, he has abandoned the claims by failing to brief them on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)

Flores also contends that his case should be remanded to the district court so that he can add new factual allegations. Flores wishes to allege that the defendants are violating the policy of the Texas Department of Corrections by confining him in administrative segregation and that the defendants have, at times, failed to keep in stock medication prescribed by a

rheumatologist and have on other occasions cancelled his medications or reduced his dosage.  Because no viable constitutional claim can be perceived with regard to the underlying facts, the district court's error, if any, in failing to give Flores notice and an opportunity to amend his complaint was harmless.  See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).

The district court's dismissal of Flores's action as frivolous counts as a strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Flores is hereby cautioned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.