# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 3, 2011

No. 10-40588
Summary Calendar

Lyle W. Cayce
Clerk

JAVIER YBARRA,

Plaintiff-Appellant

v.

DEBORAH HURLEY, Grievance Investigator III; CHAD WAKEFIELD, Lieutenant; KENNETH MILLER, Correctional Officer III; SERGIO SANTANA, Correctional Officer II; WALID HAMOUDI, Medical Director,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:09-CV-212

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javier Ybarra, Texas prisoner # 775707, appeals from the district court's dismissal of his civil rights complaint as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915A. Ybarra contends that (1) the Lufkin Division, Eastern District of Texas, erroneously transferred the cause of action to the Tyler Division, Eastern District of Texas, and he did not consent to the magistrate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judge adjudicating his complaint, (2) he was entitled to a jury trial in light of his request for a jury trial, (3) the district court erred in dismissing his complaint "in conjunction with" dismissing his complaint in another cause of action, *Ybarra v. Meador*, identified by civil action no. 9:09-CV-213, (4) the district court abused its discretion in denying him leave to amend his complaint, (5) the district court abused its discretion in denying his motion for the appointment of counsel, and (6) the magistrate judge abused her discretion in refusing to require the defendants to testify at the *Spears*[1] hearing and, instead, in allowing others to testify.

The record does not reflect that the cause of action was transferred from the Lufkin Division to the Tyler Division, as Ybarra asserts. Rather, the district court properly referred the case to the magistrate judge pursuant to 28 U.S.C. § 636(b). *See Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). Moreover, the magistrate judge did not enter judgment pursuant to § 636(c), which requires consent of the parties, but only made a recommendation pursuant to § 636(b)(1)(B). Further, Ybarra was not entitled to a trial, jury or otherwise, once his claims were determined to be frivolous. *See Spears*, 766 F.2d at 181-82.

To the extent that Ybarra contends that the magistrate judge abused her discretion in conducting a single *Spears* in his two civil rights actions, Ybarra has not shown that the magistrate judge abused her discretion, especially since the claims were partly intertwined. *See Wilson v. Barrientos*, 926 F.2d 480, 483 (5th Cir. 1991).

We also reject Ybarra's assertion that the district court erred in denying his motion to amend. In general, it is not proper for a district court to dismiss a pro se complaint without affording the plaintiff the opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998). However, any such error may be ameliorated if the plaintiff has pleaded his "best case." *Id*. at 1054 & n.7.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

No. 10-40588

Here, the magistrate judge conducted a *Spears* hearing after Ybarra filed his motion to file an amended complaint and before recommending the dismissal of Ybarra's complaint as frivolous. A review of the testimony reflects that Ybarra was given the opportunity to articulate fully the factual basis for his claims. *See Wilson*, 926 F.2d at 482. Any error in not allowing an amendment of the complaint was harmless. *See Bazrowx*, 136 F.3d at 1054 & n.7.

Ybarra has failed to demonstrate the extraordinary circumstances necessary to justify the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Thus, he has shown no abuse of discretion in the denial of his motion for the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

Ybarra has not shown that the magistrate judge abused her discretion in not requiring the defendants to testify at the *Spears* hearing. *See Wilson*, 926 F.2d at 483. Ybarra has not demonstrated that any relevant testimony was excluded or made a substantial showing that the testimony of the defendants was needed. *See Cupit*, 835 F.2d at 86-87.

Generally, we review the dismissal of a complaint pursuant to § 1915A as frivolous and for failure to state a claim de novo. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Ybarra, however, has failed to raise any arguments challenging the district court's specific reasons for dismissing his claims, which were set forth in the magistrate judge's report and in the district court's memorandum. Rather, he suggests, erroneously, that the magistrate judge provided no reasons for recommending the dismissal of his claims. Because Ybarra fails to identify any error in the district court's analysis of the substantive claims raised in his § 1983 complaint, the issues are deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.

3