Travis BLANK, Plaintiff–Appellant

v.

Butch TABERA, M.D., in his individual capacity as the Primary Care Physician of the Federal Bureau of Prisons, Ft. Worth Division, Ft. Worth, Texas; Jose Gomez, Mid–Level Practitioner, in his individual capacity as the Physicians Assistant of the Federal Bureau of Prisons Ft. Worth Division, Ft. Worth, Texas, Defendants–Appellees.

No. 12–10422
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 16, 2012.

Travis Hunter Blank, FCI Dallas Unit, Fort Worth, TX, pro se.

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM: *

Travis Blank, federal prisoner # 16486–

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

078, appeals the dismissal of his *Bivens*[1] action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Blank complains that the defendants exhibited deliberate indifference to serious medical needs.

We review de novo the dismissal of a lawsuit pursuant to § 1915A, applying the same standard used for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998). "Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx*, 136 F.3d at 1054. When a district court has dismissed a *pro se* complaint without opportunity to amend, we consider whether the plaintiff's "allegations, if developed by a questionnaire or in a *Spears*[2] dialogue, might have presented a nonfrivolous ... claim." *Id.* If, "[w]ith further factual development and specificity" the plaintiff's "allegations may pass ... muster," we will remand for the prisoner to have "an opportunity ... to offer a more detailed set of factual claims." *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir.1994).

To establish liability, a pretrial detainee must show that a government "official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A "plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir.2001) (internal quotation marks and citation omitted).

Although Blank makes allegations of negligence and medical malpractice, which do not constitute a constitutional violation, he also contends that the defendants "knew of [his] diseases, injuries, and symptoms," and yet ignored them and ignored that they were worsening. He also asserts that the defendants intentionally prescribed the wrong medication (Naproxen) and failed to prescribe any medication or provide proper treatment for his Crohn's disease. He further contends that the defendants' actions caused him to suffer severe pain for months and resulted in severe damage to his colon, small intestines, and kidney.

With regard to his knee injury, Blank asserts that the defendants "ordered no treatment," failed to prescribe the most basic treatment, and failed to assign him to a lower bunk as requested. He argues further that Gomez, knowing of his knee injury, "assaulted" him by forcibly grabbing the injured leg and shoving it backwards, "causing great pain." Blank avers that it was subsequently determined that he had sustained a torn meniscus, for which he underwent surgery. He also asserts that he did not receive proper treatment for his neck condition and received delayed treatment for all of his medical

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**1.** *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**2.** *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

conditions. Blank argues that the defendants knew of a serious risk of harm and "responded with deliberate indifference."

Liberally construed, Blank's allegations are not entirely "fantastic or delusional" and arguably raise a viable claim of deliberate indifference to his serious medical needs. *See Eason*, 14 F.3d at 9 n. 5; *Farmer*, 511 U.S. at 847, 114 S.Ct. 1970; *Domino*, 239 F.3d at 755; *Thompkins v. Belt*, 828 F.2d 298, 301 (5th Cir.1987). Given that the district court never afforded Blank an opportunity to amend his complaint or conduct a *Spears* hearing, the court abused its discretion in dismissing Blank's action for failure to state a claim upon which relief may be granted. *See Bazroux*, 136 F.3d at 1054.

Thus, the judgment dismissing Blank's *Bivens* action is VACATED and REMANDED for further proceedings. We express no view on how the district court should rule on remand.