# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2013

Lyle W. Cayce
Clerk

No. 12-11048
Summary Calendar

DOUGLAS DARRELL COX, SR.,

Plaintiff-Appellant

v.

RUBEN G. REYES,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CV-166

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Douglas Darrell Cox, Sr., Texas prisoner # 1341880, appeals the dismissal of his 42 U.S.C. § 1983 complaint against a state district court judge, Ruben G. Reyes. He argues that the district court erroneously dismissed his complaint as frivolous and for failure to state a claim on the basis of absolute judicial immunity. In his view, Judge Reyes was not entitled to judicial immunity in this case because he was statutorily disqualified from hearing Cox's parental rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case in the state district court and, therefore, terminated Cox's parental rights without jurisdiction.

We employ a de novo review of dismissals for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), using the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). We review a determination that a case is frivolous for an abuse of discretion. *Black*, 134 F.3d at 734.

Accepting all well-pleaded facts as true and viewing them in a light most favorable to Cox, *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), the record does not reflect that Judge Reyes's actions were taken in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 & n.7 (1978); *Holloway v. Walker*, 765 F.2d 517, 523 (5th Cir. 1985). Accordingly, the district court correctly determined that Judge Reyes was entitled to judicial immunity and properly dismissed Cox's § 1983 action.

Cox's appeal is without arguable merit and, therefore, frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Cox's § 1983 complaint and this court's dismissal of his appeal as frivolous count as two strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Cox is therefore warned that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.