# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2013

Lyle W. Cayce
Clerk

No. 13-10300
Summary Calendar

JERRY THOMPSON,

Plaintiff-Appellant

v.

DOCTOR ROBERT P. HAYES; UNITED STATES DEPARTMENT OF JUSTICE
BUREAU OF PRISONS,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:12-CV-37

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jerry Thompson, federal prisoner # 22869-077, moved for leave to proceed in forma pauperis (IFP) to appeal from the dismissal as frivolous of his civil complaint based on the medical care he received in prison, which the district court construed as arising under 42 U.S.C. § 1983. As to the sole substantive constitutional claim sufficiently briefed for appeal, because Thompson is a federal prisoner suing over his medical care in a federal prison, we construe the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

First, Thompson contends that the district court erred by dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because he paid the filing fee. Thompson is correct that dismissal under § 1915(e)(2)(B)(i) was inappropriate. That section applies only to litigants proceeding IFP. *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998). However, under 28 U.S.C. § 1915A(b)(1), the district court is required to review any civil complaints in which a prisoner seeks relief against a government entity, officer, or employee regardless of whether the prisoner has paid the filing fee. *Ruiz v. United States,* 160 F.3d 273, 274-75 (5th Cir. 1998). Both § 1915(e)(2)(B)(i) and § 1915A(b)(1) direct district courts to dismiss a complaint that is frivolous. A frivolous claim has no "arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks and citation omitted). The distinction between the two provisions for purposes of Thompson's case is the standard of review under which we review the district court's order of dismissal. This court reviews the dismissal of a complaint as frivolous under § 1915(e)(2)(B) for abuse of discretion and the dismissal of a complaint under § 1915A(b) de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). If the district court's order passes muster under the de novo standard applicable to a § 1915A dismissal, then the district court's error in applying § 1915(e)(2)(B)(i) is harmless.

Second, Thompson argues that Dr. Robert P. Hayes was deliberately indifferent to his serious medical needs, resulting in his deformed finger. He asserts that it is impossible without discovery to ascertain the actions of Dr. Hayes or anybody involved in hiring Dr. Hayes or scheduling medical appointments.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, which amounts to an unnecessary and wanton

infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A prison official shows deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006). "Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted).

The complaint and the testimony at the hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), indicated that Dr. Hayes operated on Thompson's finger and saw Thompson several times in subsequent weeks. Dr. Hayes and prison staff treated Thompson's infection with antibiotics. The unsatisfactory outcome did not reflect deliberate indifference. *See Gobert,* 463 F.3d at 346. To the extent Thompson raised a deliberate indifference claim in the district court, that claim lacked a legal and factual basis and was frivolous. *See Berry*, 192 F.3d at 507. The complaint was correctly dismissed as frivolous as to the *Bivens* claim. *See* § 1915A(b)(1).

Third, Thompson contends that the magistrate judge should have allowed him to amend his complaint to allege a claim against Dr. Hayes in his capacity as a government employee independent of the claim dismissed pursuant to § 1915A. Thompson may be seeking to raise a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, but he has failed to brief any of

the issues that would be relevant to such a claim.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  To the extent Thompson believes he should have been allowed to amend the complaint to state a *Bivens* claim against Dr. Hayes in his official capacity, such an amendment would be futile in light of the disposition of the *Bivens* claim as to Dr. Hayes in his individual capacity.

Fourth, Thompson contends that the magistrate judge erred by counting the dismissal of the complaint as a strike pursuant to 28 U.S.C. § 1915(g) because he paid the filing fee and did not proceed IFP.  Thompson's contention is unavailing.  Section 1915(g) bars a prisoner from proceeding IFP in any civil action or appeal if he has, on three or more occasions while incarcerated, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  § 1915(g).  The statute does not distinguish between IFP actions or appeals and paid actions or appeals.  The dismissal of Thompson's paid complaint thus counts as a strike.

Morever, Thompson's appeal is frivolous because his *Bivens* argument is without legal merit.  *See Talib*, 138 F.3d at 213.  The dismissal of this appeal counts as a strike against Thompson.  *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).  Thompson therefore has two strikes, and he is cautioned that, should he accumulate three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) SANCTION WARNING ISSUED.