# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40805
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2015

Lyle W. Cayce
Clerk

JERRY J. ANDERSON,

Plaintiff - Appellant

v.

WILLIAM STEPHENS, Director TDCJ-CID; WARDEN LONNY JOHNSON; JOHN DOE UNKNOWN, Correctional Officer; CURTIS TRIBBLE; ROBERT H. KANE, JR.; CARRIE HUCKLEBRIDGE; DR. ABBAS KHASDEL; DR. MOISES C. GONZALEZ,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CV-34

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jerry J. Anderson, Texas prisoner # 1764608, challenges the dismissal of his *pro se* and *in forma pauperis* 42 U.S.C. § 1983 action as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). In his amended complaint, Anderson raised Eighth Amendment

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

claims against defendants, arising from:  injuries he sustained in a traffic accident while being transported in a prison bus without seat belts; and, the allegedly deficient medical treatment he subsequently received.

Review of the dismissal of Anderson's amended complaint pursuant to § 1915(e)(2)(B) is for abuse of discretion; for § 1915A(b)(1), *de novo*.  *E.g., Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam).  When a district court refers to both statutes in dismissing a claim, as it did here, review is *de novo. Id.*

Anderson agreed to proceed before a magistrate judge.  He does not challenge the magistrate judge's dismissal of his claims for damages against defendants in their official capacities, or his claims against defendants Stephens and Johnson; therefore, they are waived.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (failure to identify error in the lower court's analysis is the same as failing to appeal); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that even *pro se* litigants must brief arguments to preserve them).

Moreover, Anderson's amended complaint does not allege that John Doe Unknown, the driver of the bus, had the knowledge of a substantial risk that is required to state an Eighth Amendment claim.  *See Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (discussing what constitutes knowledge of a substantial risk).  Nor does the amended complaint allege the remaining defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs".  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks omitted).

Therefore, Anderson's challenge on the merits to the dismissal of his amended complaint fails.

No. 14-40805

In addition, Anderson challenges not being permitted to file a first amended complaint. (He was permitted to file an amended complaint and received a *Spears* hearing.) A plaintiff should be given an opportunity to amend his complaint before it is dismissed for failure to state a claim, *e.g., Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). As noted, Anderson was allowed to amend his complaint once. The magistrate judge did not abuse her discretion by denying him leave to amend a second time. *See Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (discussing factors to consider).

Anderson's challenge is without arguable merit and is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. The dismissal of this appeal as frivolous, and the magistrate judge's dismissal (as frivolous and for failure to state a claim), each count as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Anderson is cautioned that, once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

DISMISSED.