# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41670
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2017

Lyle W. Cayce
Clerk

PETRIE ROBINSON,

Plaintiff-Appellant

v.

RICKY ALLEN, Captain; TARA E. CONKLIN, Counsel Substitute,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-663

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Petrie Robinson, Texas prisoner # 1635660, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), based on his failure to state a claim upon which relief could be granted. Although the district court dismissed any claims Robinson raised against the defendants in their official capacities for lack of subject matter

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41670

jurisdiction under Rule 12(b)(1), Robinson has not challenged the ruling on this ground.

Because Robinson's assertions in the district court indicated that he had "alleged his best case," the district court did not err in dismissing the complaint without providing him with a second opportunity to amend his complaint. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Robinson's personal belief that the defendants conspired to retaliate against him is insufficient to establish retaliation. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Although Robinson asserts for the first time on appeal that the conditions of his punitive confinement following his disciplinary conviction rose to the level of cruel and unusual punishment, he did not raise such arguments in the district court, and he may not present a new theory for relief for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). To the extent that Robinson is attempting to raise a due process challenge to the second disciplinary proceeding, he may not do so until his disciplinary conviction has been overturned. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997). Moreover, Robinson was not entitled to due process protections because his punishment of a reduction in custody status and 90 days in a new cell did not give rise to a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Robinson's allegation that the defendants violated prison policy through their actions does not in itself establish a due process violation. *See Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989).

Contrary to Robinson's allegations, the dismissal of his complaint for failure to state a claim under Rule 12(b)(6) constitutes a judgment on the merits. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). Therefore, the district court did not err in dismissing his Section 1983

2

complaint with prejudice.  *See Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009).  Consequently, the judgment of the district court is AFFIRMED.

The dismissal of Robinson's suit in the district court counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Robinson is WARNED that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).