# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2020

Lyle W. Cayce
Clerk

No. 19-10588

Miguel Angel Mendoza-Tarango,

*Plaintiff—Appellant*,

*versus*

Simona Flores, *Dallas Field Director*; Lee Francis Cissna, *United States Citizenship and Immigration Services Director*; Chad F. Wolf, *Acting Secretary, U.S. Department of Homeland Security*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-255

Before Wiener, Costa, and Willett, *Circuit Judges*.

Don R. Willett, *Circuit Judge*:

Miguel Angel Mendoza-Tarango, a federal prisoner proceeding pro se, filed a mandamus action in the district court, seeking an order to compel United States Citizenship and Immigration Service officials to travel to federal prison in order to administer the oath of citizenship to him. The district court dismissed Mendoza-Tarango's claim under 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief and denied his subsequent

No. 19-10588

motion for reconsideration. Mendoza-Tarango appeals, and we affirm for the reasons below.

I

Mendoza-Tarango is an inmate at a federal prison; he will finish serving his sentence in February 2022.[1] In May 2013, Mendoza-Tarango filed the N-600, an application for a certificate of citizenship. Three months later, United States Citizenship and Immigration Services (USCIS) informed Mendoza-Tarango that his N-600 application had been approved. The letter stated: "Upon your release from incarceration, you will need to make arrangements to appear personally at a USCIS office to take the Oath of Allegiance that is required before the Certificate may be issued."

Six years passed. In February 2019, Mendoza-Tarango sent letters to Simona Flores and Diane Witte, USCIS Field Office Directors of the Dallas and El Paso offices, respectively, requesting that USCIS officials travel to the federal prison where he is incarcerated to administer the oath to him.

Because Mendoza-Tarango did not receive a response from either office, he filed a petition for a writ of mandamus with the district court a month later. He named as respondents: Simona Flores, the USCIS Field Officer Director in Dallas; Lee Francis Cissna, the Director of USCIS; and Kirstjen Nielson, the Director of the Department of Homeland Security.

Mendoza-Tarango alleges that USCIS unlawfully withheld or unreasonably delayed the administration of his oath under § 706(1) of the Administrative Procedure Act (APA).[2] In particular, he asserts that, once

---

[1] Federal Bureau of Prisons, Find An Inmate, BOP Register Number 45580-080, https://www.bop.gov/inmateloc/.

[2] 5 U.S.C. § 706(1).

USCIS approved his N-600 application for a certificate of citizenship, the agency had a "nondiscretionary duty to administer the required Oath of Allegiance." He further alleges that USCIS officials "understand their duty, have procedures in place to fulfill their duty but have intentionally refused to act for almost (6) years." He claims that USCIS officials unreasonably delayed the administration of his oath "by misrepresenting their ability to travel to the federal [prison] and fulfill their duty, or take temporary custody of [Mendoza-Tarango] in order to conduct the Oath of Allegiance be it in the federal court or in their field office."

The district court screened the complaint to determine whether Mendoza-Tarango stated a cognizable claim.[3] The district court found that Mendoza-Tarango did not show that USCIS officials failed to take discrete action that they were required to take. Specifically, Mendoza-Tarango did not cite—and the district court was unaware of—any authority that would require USCIS officials to administer the oath at a place of confinement. The district court thus dismissed Mendoza-Tarango's mandamus petition.[4]

Mendoza-Tarango filed a motion for reconsideration. In that motion, he asserted that he has a cognizable claim because neither the federal statute nor the regulations concerning the certificate of citizenship give authority to USCIS to withhold administration of the oath until the applicant appears personally at a USCIS office.[5] The district court denied the motion for reconsideration, and Mendoza-Tarango timely appealed.

---

[3] *See* 28 U.S.C. § 1915A.

[4] *See id.* § 1915A(b)(1).

[5] *See* 8 U.S.C. § 1452(a); 8 C.F.R. § 341.5.

No. 19-10588

## II

Under 28 U.S.C. § 1361, district courts have original jurisdiction over "any action in the nature of mandamus."[6] We have stated that "mandamus jurisdiction exists if the action is an attempt to compel an officer or employee of the United States or its agencies to perform an allegedly nondiscretionary duty owed to the plaintiff."[7] Because Mendoza-Tarango asked the district court to order USCIS officials to administer his oath, which he alleges is a nondiscretionary duty owed to him, the district court had mandamus jurisdiction over his action. And we have jurisdiction over this action under 28 U.S.C. § 1291.

We review dismissals under § 1915A(b)(1) de novo, using the same standard applied under Federal Rule of Civil Procedure 12(b)(6).[8] Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] That said, we "liberally construe[]" a pro se complaint and hold it "to less stringent standards than formal pleadings drafted by lawyers."[10]

---

[6] 28 U.S.C. § 1361.

[7] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011) (citations omitted).

[8] *DeMarco v. Davis*, 914 F.3d 383, 386 (5th Cir. 2019).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III

Mendoza-Tarango says the district court committed three errors:

1. It did not review his APA claim before dismissing his complaint.

2. It concluded that his complaint did not cite sufficient facts and supporting authority.

3. It did not grant him leave to amend his complaint.

As explained below, each argument is meritless.

### A

Mendoza-Tarango first argues that the district court should have reviewed his APA claim before dismissing his complaint. This argument fails for two reasons.

First, the district court *did* consider the APA claim. Admittedly, the district court's two-page order does not explicitly mention § 706(1) of the APA. However, the order does provide the standard for claims brought under § 706(1): The district court stated that Mendoza-Tarango's "action can proceed only if he can show that respondents failed to take discrete action that they were required to take." Plus, the district court cited the Supreme Court's decision in *Norton v. Southern Utah Wilderness Alliance*, which held that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."[11] Second, the district court correctly applied this standard to Mendoza-Tarango's § 706(1) claim, finding that he failed to show that USCIS officials were required to administer the oath to him at his place of confinement.

---

[11] 542 U.S. 55, 64 (2004).

Thus, the district court dismissed Mendoza-Tarango's complaint after it determined that his § 706(1) claim could not proceed.

B

Mendoza-Tarango next contends that he offered sufficient support to maintain his § 706(1) claim. Before assessing whether these sources provide sufficient support, we first provide a background on the APA and then discuss what Mendoza-Tarango must show to obtain mandamus relief for his § 706(1) claim.

The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."[12] The APA defines "agency action" as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."[13] And when an agency fails to act, § 706(1) of the APA provides relief: "The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed."[14] As noted, § 706(1) is the key provision here because Mendoza-Tarango alleges that USCIS unreasonably delayed the administration of his oath for more than six years.

To proceed with his § 706(1) claim, Mendoza-Tarango must show that USCIS, by not sending officials to the federal prison to administer the oath to him, failed to take a discrete action that it is legally required to take.[15] And to obtain mandamus relief, Mendoza-Tarango must show that (1) he

---

[12] 5 U.S.C. § 702.

[13] *Id.* § 551(13).

[14] *Id.* § 706(1).

[15] *See Norton*, 542 U.S. at 64.

has "a clear right to relief," (2) USCIS officials have "a clear duty to act," and (3) "no other adequate remedy exists."[16] A mandamus may issue only if Mendoza-Tarango shows all three. And, even when we "find[] that all three elements are satisfied, the decision to grant or deny the writ remains within the court's discretion because of the extraordinary nature of the [mandamus] remedy."[17]

Mendoza-Tarango relies on three sources for his § 706(1) claim. First, in his complaint, he cites 8 C.F.R. § 341.5(b), the federal regulation concerning the certificate of citizenship. He claims that this regulation imposes a duty to administer the oath and to provide his certificate of citizenship once he takes and subscribes to the oath. Second, in his motion for reconsideration, he cites 8 U.S.C. § 1452, the federal statute addressing the certificate of citizenship, to assert that USCIS does not have the authority to withhold administration of the oath until the applicant personally appears at a USCIS office. And third, also in his motion for reconsideration, he attaches a letter from Daniel Gary, a Supervisory Immigration Services Officer, which states that USCIS officials would travel to USP Lompoc, a federal prison in California, to administer the oath of citizenship to a federal prisoner.

Mendoza-Tarango has made a facially plausible showing that USCIS failed to take a discrete action. The key point is that USCIS officials' "failure to act" should be "properly understood to be limited . . . to a *discrete* action."[18] Here, USCIS officials' failure to administer the oath to Mendoza-

---

[16] *Wolcott*, 635 F.3d at 768 (citation omitted).

[17] *Id.*

[18] *Norton*, 542 U.S. at 63.

Tarango while he is incarcerated can be understood as limited to a discrete action.

But Mendoza-Tarango must also show that USCIS was legally required to administer the oath to him in prison. This is a far more difficult showing, and Mendoza-Tarango falls short. And because he cannot show that he has a "clear right to relief," he is not entitled to mandamus relief.

First, the federal regulation on which Mendoza-Tarango relies fails to support his claim that USCIS was legally required to administer the oath to him in prison. The regulation states:

> If the application [for citizenship] is granted, USCIS will prepare a certificate of citizenship and, unless the claimant is unable by reason of mental incapacity or young age to understand the meaning of the oath, he or she must take and subscribe to the oath of renunciation and allegiance prescribed by 8 C.F.R. 337 before USCIS within the United States.[19]

The regulation specifies that the oath must be taken and subscribed "within the United States" and "before USCIS." But it does not explicitly prescribe where within the United States the oath must be taken. Thus, this regulation does not legally require USCIS officials to travel to the applicant to administer the oath. The provision's surrounding text supports this reading. For example, in the first part of the regulation, USCIS must act (by preparing a certificate of citizenship), but, in the second part, the *applicant* must act (by taking and subscribing to the oath). Thus, the onus is on the

---

[19] 8 C.F.R. § 341.5(b).

No. 19-10588

applicant, not on USCIS, to take and subscribe the oath. The text of the regulation does not legally require USCIS to travel to every applicant.

Relatedly, 8 U.S.C. § 1452(a) also fails to show that USCIS was legally required to travel to his prison to administer the oath. It provides:

> Upon proof to the satisfaction of the Attorney General that the applicant is a citizen, and that the applicant's alleged citizenship was derived as claimed, or acquired, as the case may be, and upon taking and subscribing before a member of the Service within the United States to the oath of allegiance required by this chapter of an applicant for naturalization, such individual shall be furnished by the Attorney General with a certificate of citizenship, but only if such individual is at the time within the United States. [20]

The oath must be taken and subscribed to (1) before a member of USCIS and (2) within the United States. As under the regulation, the onus is again on the applicant, who must take and subscribe to the oath before a USCIS official. And, just as under the regulation, there is no specified time period within which the certificate of citizenship must be issued. This absence of time limitations supports USCIS's interpretation that it does not have a duty to travel to the applicant to administer the oath.[21] Moreover, the absence of a firm deadline does not render the agency action "unreasonably delayed" for APA purposes because it is the applicant who must first take action by subscribing to the oath. In other words, the applicant's oath-taking is a prerequisite for the agency to even take action. Thus, this delay, based on the

---

[20] 8 U.S.C. § 1452(a).

[21] *Compare Norton*, 542 U.S. at 65 (holding that agency can be compelled to act if time period is specified by law).

personal circumstances of Mendoza-Tarango, cannot be attributed to the agency.

Finally, the letter on which Mendoza-Tarango relies fails to show that USCIS was legally required to travel to his prison to administer the oath. In fact, the letter supports the reading that USCIS officials have discretion, but are not legally required, to travel to applicants to administer the oath. The exercise of that discretion by some USCIS officials to travel to federal prison does not show that there is a legal requirement to do so. Thus, Mendoza-Tarango does not make a facially plausible showing that USCIS failed to take a legally required action.[22] This failure to show a clear right to relief also defeats his request for mandamus relief.

To summarize, when Mendoza-Tarango appears before USCIS officials, they must administer the oath to him. But the *manner* in which USCIS administers the oath, including where within the United States that administration occurs, is left to the agency's discretion.[23] Because Mendoza-

---

[22] Mendoza-Tarango also argues that "it would be an illogical and absurd conclusion to hold that the Respondents owe no duty" to him because they knew that he was incarcerated when he filed his N-600 application and would thus be unable to travel to a USCIS office to take and subscribe to the oath. He claims that in failing to administer the oath to him in prison, USCIS is "now deny[ing] him the process owed to him." Because Mendoza-Tarango raises this process-based argument for the first time on appeal, we need not address it. *See Est. of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 202 (5th Cir. 2018).

[23] Even if the district court compelled the USCIS to administer the oath to Mendoza-Tarango, the court has no power to specify where or when the oath must be administered. *See, e.g.*, *Norton*, 542 U.S. at 65 ("[W]hen an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be.").

No. 19-10588

Tarango cannot show a clear right to relief, he is not entitled to mandamus relief.

### C

Finally, Mendoza-Tarango argues that the district court should have granted him leave to amend his complaint. The record does not indicate that Mendoza-Tarango requested leave to amend his complaint. We thus review for abuse of discretion.[24]

"Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."[25] But we have denied a pro se plaintiff the opportunity to amend his complaint where he has already pleaded his "best case."[26] Here, Mendoza-Tarango has done just that: He has presented arguments before the district court (in his petition for mandamus relief and his motion for reconsideration) and before this court (in his brief). He gives no indication that he did not plead his best case in these filings; he does not explain what an amendment would have contained; and he does not state any issues that the amendment would have raised.[27] Thus, the district court did

---

[24] *Crostley v. Lamar Cty.*, 717 F.3d 410, 420 (5th Cir. 2013).

[25] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

[26] *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Bazrowx*, 136 F.3d at 1054).

[27] *See, e.g.*, *id.*

No. 19-10588

not abuse its discretion by dismissing Mendoza-Tarango's complaint without granting him leave to amend.

## IV

Mendoza-Tarango seeks to take his oath of allegiance and to become a United States citizen. While we applaud this desire, our power to review agency actions and to issue mandamus relief "is limited to extraordinary circumstances where the plaintiff can demonstrate it has a clear right to relief, the defendant a clear duty to act, and that no adequate alternative remedy exists."[28] Because Mendoza-Tarango cannot make that showing, we AFFIRM the district court's dismissal.

The district court's dismissal of Mendoza-Tarango's complaint counts as one "strike" under 28 U.S.C. § 1915(g).[29] Mendoza-Tarango is cautioned that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.[30]

---

[28] *Wolcott*, 635 F.3d at 774.

[29] *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

[30] *See* 28 U.S.C. § 1915(g).