# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2021

Lyle W. Cayce
Clerk

No. 20-10914
Summary Calendar

Robert Paul Magtulis Cledera,

*Plaintiff—Appellant*,

*versus*

United States; Robert M. Wilkinson, *Acting U.S. Attorney General*; James McHenry, *Executive Office for Immigration Review*; Kevin K. McAleenan, *Acting Secretary, U.S. Department of Homeland Security*; Steven McCraw, *Texas Department of Public Safety*; Gary C. Thomas, *Dallas Area Rapid Transit*; U. Renee Hall, *Dallas Police Department, Dallas, Texas*; Dominique Artis, *Dallas Fire Department, Dallas, Texas*; Steve Dye, *Grand Prairie Police Department, Grand Prairie, Texas*; Robert Fite, *Grand Prairie Fire Department, Grand Prairie, Texas*; Will Johnson, *Arlington Police Department, Arlington, Texas*; Tracy Aaron, *Mansfield Police Department, Mansfield, Texas*; Brian Manley, *Austin Police Department, Austin, Texas*; Charles Edge, *Ellis County Sheriff*; Ryan Holt, *Waco Police Department, Waco, Texas*; Gregory Fellows, *Menifee Police Department, Menifee, California*; HomePro Operating, L.L.C.; Apple, Incorporated; The Walt Disney Company; Best Buy Company, Incorporated; Target Corporation; Walmart, Incorporated; Home Depot Product Authority, L.L.C.; RING (Amazon.com, Incorporated); ARLO (Arlo Technologies, Incorporated); LG Electronics, USA Incorporated; Verizon Communications, Incorporated; City of Grand Prairie; City of Mansfield; Menifee Police Department,

*Defendants—Appellees*.

No. 20-10914

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1997

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Robert Paul Magtulis Cledera filed a complaint *pro se* against thirty parties, including the United States, federal officials, state officials, municipalities, and corporations. Cledera alleged violations of the Texas Penal Code and other constitutional and statutory provisions. Multiple defendants moved to dismiss Cledera's claims. The district court granted those motions and dismissed all of Cledera's claims. Cledera now appeals the district court's dismissal of his claims. Because the district court correctly held that Cledera fails to state a claim on which relief can be granted, we AFFIRM.

I.

In 2019, Cledera filed a criminal complaint against thirty parties, including the United States, federal officials, state officials, municipalities, and many corporations. Cledera subsequently amended his complaint. In his amended complaint, Cledera alleged that he was being harassed, tortured, and stalked by agents acting on behalf of the federal government. In support of his claim of vast conspiracy between multiple levels of government facilitated by private corporations, Cledera points to a variety of instances. He says that unknown actors watched him from the moment he left his home to when he returned. He says that unmarked vans appeared when he exited

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10914

his driveway.  He says that aircrafts would linger overhead when he stepped out of his home, and that the engine noises were enhanced to annoy and harass him.  Cledera states that he knows "for a fact that [his] Phones [have] been cloned and wire tapped," because the phone creates messages on its own and the videos he records with the phone are blurry.

In his complaint, Cledera specifically asserts violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments.  He also argues that he has suffered violations of 28 U.S.C. § 1983, Texas Penal Code § 15.02 (criminal conspiracy), the Privacy Act of 1974, and Title VII of the Civil Rights Act of 1964.

Multiple defendants filed motions to dismiss on various bases, including pursuant to Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim), Federal Rule of Civil Procedure 12(b)(5)(insufficient service of process), and Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction).  Some defendants also filed motions to dismiss the case as frivolous, while another defendant filed a motion for judgment on the pleadings.

The defendants argued that Cledera did not raise a specific legal cause of action, nor identify any legal duties allegedly violated, making it impossible to ascertain what cause of action was being asserted.

The magistrate judge issued a recommendation that the district court grant all pending motions to dismiss.  The district court adopted the recommendation in full, dismissing Cledera's lawsuit.  Cledera now appeals, seeking to have the district court's dismissal of his claims reversed and his case remanded to the district court.

No. 20-10914

## II.

We review dismissals under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges facts that, accepted as true, allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the court must accept the facts in the complaint as true, it will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). A district court's authority to dismiss a claim extends to dismissal of claims that are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Twombly*, 550 U.S. at 570. This includes "claims describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328.

We "must construe the pleadings of *pro se* litigants liberally" to prevent the loss of rights due to inartful expression. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). We are, however, not at liberty to create a cause of action where there is none. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980). Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *See Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). However, leave to amend is not required when an amendment would be futile. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletics Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

No. 20-10914

Here, Cledera has asserted claims that are clearly baseless. He fails to address how the defendants have conspired to harass, stalk, or torture him. He fails to show how any of his allegations, such as the unmarked vehicles and aircrafts following him, implicate the named defendants. Simply put, Cledera fails to state a plausible claim on which relief can be granted. His claims do not contain sufficient factual matter giving rise to the inference that the defendants are liable for the alleged misconduct. For these reasons, we AFFIRM.

III.

The judgment of the district court is AFFIRMED.