# United States Court of Appeals for the Fifth Circuit

---

No. 24-60113

---

In re Louisiana Public Service Commission,

*Petitioner*.

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2024

Lyle W. Cayce
Clerk

---

Appeal from the Federal Energy Regulatory Commission
Agency Nos. EL17-41, EL18-142,
EL18-204, EL8-152, ER23-816

---

Before Davis, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

We address a renewed mandamus petition by the Louisiana Public Service Commission ("LPSC") seeking to compel the Federal Energy Regulatory Commission ("FERC") to resolve various proceedings related to a ratemaking dispute with System Energy Resources, Inc. ("SERI"), operator of the Grand Gulf Nuclear Station. *See In re La. Pub. Serv. Comm'n* (*LPSC I*), 58 F.4th 191 (5th Cir. 2023) (denying mandamus).

Subject to the qualifications discussed below, we deny LPSC's petition.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60113

I.

The Federal Power Act ("FPA") authorizes FERC to regulate electricity sales in interstate commerce. *See id.* at 192. Section 205(c) of the FPA requires public utilities to file proposed rate schedules for FERC approval. 16 U.S.C. § 824d(c)–(d). Before utilities can collect on a rate, FERC must first determine it to be just and reasonable. *Id.* § 824d(e). The only avenue for retail regulators like LPSC to challenge a utility's filed rate is to submit a Section 206 complaint for agency adjudication. *Id.* § 824e(a).

This case involves the Grand Gulf Nuclear Station in Mississippi. In 1985, SERI and public service commissions in Louisiana, Arkansas, Mississippi, and New Orleans entered an agreement to allocate costs to run Grand Gulf. *See New Orleans Pub. Serv., Inc. v. Council of the City New Orleans*, 833 F.2d 583, 585 (5th Cir. 1987). SERI acts as middleman between the commissions and Entergy, a public utility holding company. *See Miss. Indus. v. FERC*, 808 F.2d 1525, 1528 (D.C. Cir. 1987). Disagreements over rate setting for Grand Gulf have engendered litigation for decades. *See New Orleans Pub. Serv., Inc.*, 833 F.2d at 584–86.

Our last occasion to address these matters was LPSC's 2022 mandamus petition seeking to compel FERC to resolve several Section 206 complaints about SERI's rates brought years earlier by LPSC. We ordered FERC to explain why resolution of the Section 206 proceedings had taken over six years. *LPSC I*, 58 F.4th at 195. FERC's answer focused on the complexity of rate proceedings and the time needed to revise its rate-setting methodology following the D.C. Circuit's decision in *MISO Transmission Owners v. FERC*, 45 F.4th 248, 253–54 (D.C. Cir. 2022) (vacating part of FERC's rate-determination methodology). Based on this explanation, we denied LPSC's petition. Now, however, over a year and a half has elapsed,

2

yet LPSC's Section 206 complaints remain largely unresolved. LPSC has accordingly renewed its petition.

The renewed petition also raises a new issue. While the first petition was pending, FERC did resolve one of LPSC's Section 206 complaints. *See La. Pub. Serv. Comm'n v. Sys. Energy Res., Inc.* (*Opinion No. 581*), 181 F.E.R.C. ¶ 61,243 ¶¶ 2–6 (2022). In that opinion, FERC affirmed an administrative law judge's finding that SERI must refund consumers certain improperly withheld refunds for accumulated deferred income taxes ("ADIT"). *See id.* ¶ 304. But further disagreements have arisen over the scope of those refunds. These have played out in a compliance proceeding filed by SERI in January 2023, in which LPSC has intervened. The compliance proceeding became ripe for FERC review in the fall of 2023. LPSC has added to its mandamus petition a request that we order FERC to clarify the scope of the ADIT refunds owed by SERI.

## II.

We first consider LPSC's petition regarding the ADIT refunds.[1] As to that issue, LPSC has not shown a clear and indisputable right to relief, nor has it shown a lack of an adequate remedy absent mandamus. *See Mendoza-Tarango v. Flores*, 982 F.3d 395, 400 (5th Cir. 2020).

SERI's compliance proceeding on the ADIT refunds has been pending before FERC fully briefed for less than a year. Such a delay is not so unreasonable to warrant the extraordinary remedy of mandamus. *Cf. LPSC I*, 58 F.4th at 194. Furthermore, the compliance proceeding is not subject to the same time constraints as Section 206 proceedings. *Cf. id.* at 193–94 (noting

---

[1] As explained in our prior decision, we have jurisdiction to entertain LPSC's petition under the All Writs Act, 28 U.S.C. § 1651(a), and under the Administrative Procedure Act, 5 U.S.C. § 706(1). *See LPSC I*, 58 F.4th at 192–93.

No. 24-60113

FERC must "act as speedily as possible" to resolve Section 206 complaints). Finally, the compliance proceeding offers an avenue for LPSC to seek further relief should it be dissatisfied with FERC's resolution of the ADIT-refund issue. *See* 16 U.S.C. § 825l(b) (permitting any party aggrieved by a FERC order to obtain judicial review by a federal court of appeals); *see also* Fed. R. App. P. 15(a).[2]

Next, we consider LPSC's petition regarding the still-pending Section 206 complaints. FERC has now taken over seven years to resolve those complaints. As we noted before, Congress "certainly anticipated greater alacrity" than that. *LPSC I*, 58 F.4th at 193. And, as it did a year and a half ago, FERC now offers a similar explanation for the delay—namely, that it needs more time to revise its rate-determination methodology following the D.C. Circuit's 2022 *MISO* opinion.

At oral argument, however, FERC committed to a concrete timeline both for revising its methodology and for resolving LPSC's remaining Section 206 complaints. FERC's counsel stated the following:

> I have been authorized to represent that the Commission intends to act on the *MISO* remand proceedings within 120 days—*i.e.*, to vote on an order for those remand proceedings. That will clear the way, in terms of methodology, for further work on the Louisiana 206 complaint against [SERI]. And the Commission intends to act on Louisiana's complaint reasonably soon after it concludes the *MISO* remand proceedings, and intends to do so by the end of this year.

---

[2] Some of these same issues are raised in an appeal currently pending before our court in No. 23-60110. We express no opinion on how they should be resolved.

No. 24-60113

OA Rec. at 19:32–19:58. Counsel also represented that this resolution will include all of LPSC's outstanding Section 206 complaints against SERI. *See* OA Rec. at 20:10.

Based on these representations, we deny LPSC's petition for writ of mandamus. Should FERC not resolve LPSC's outstanding Section 206 complaints against SERI by the end of this year, however, LPSC may renew its petition.

*   *   *

Accordingly, LPSC's petition for writ of mandamus is DENIED.