# United States Court of Appeals for the Fifth Circuit

No. 25-50965
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2026

Lyle W. Cayce
Clerk

Gabryelle Daniels,

*Plaintiff—Appellant*,

*versus*

Texas Department of Family and Protective Services;
Vicki Israel; Amy Montes; Jacinoa Moaton;
Melissa McClure; Duri Mistic; Dennis Kyle; Kevin Lee;
Leighanna Webb,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-1432

_____

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Gabryelle Daniels appeals the *sua sponte* dismissal of her *pro se* and *in forma pauperis* 42 U.S.C. § 1983 suit. Per its screening authority under 28 U.S.C. § 1915(e)(2), the district court dismissed with prejudice the causes of action against the Texas Department of Family and Protective Services ("DFPS") on the basis of sovereign immunity and dismissed without prejudice the causes of action as to the individual defendants for failure to state a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

claim.

Daniels contends that the district court erred in *sua sponte* dismissing her causes of action against the individual defendants—which she contends was effectively with prejudice because the claims would be time-barred if she sought to reassert them in another proceeding—without permitting her leave to file an amended complaint supported by additional evidence. The record reflects that Daniels effectively was given notice that her allegations against the individual defendants were deficient, but she made no attempt to rectify the defects; rather, she maintained that she raised viable claims supported by factual allegations. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). While Daniels contends that she did not have a chance to develop her allegations in an amended complaint, she does not state what any amendment would have contained or identify additional facts that she could have asserted that would have overcome the deficiencies identified by the district court and would have bolstered her allegations that the individual defendants committed violations of her constitutional rights. *See Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Thus, the district court did not abuse its discretion. *See id.*

Further, Daniels suggests that the constitutional claims that she raised against DFPS were meritorious. The district court determined, however, that Daniels could not sue DFPS because it had sovereign immunity. She has not disputed that ruling and therefore has abandoned any related arguments. *See Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021). Because the district court resolved the claims as to DFPS on the basis of sovereign immunity, the merits of the claims were not—and did not have to be—reviewed. *See Tex. All. for Retired Americans v. Scott*, 28 F.4th 669, 671 (5th Cir. 2022).

Daniels posits that the district court incorrectly reasoned that some of the individual defendants were entitled to qualified immunity. That assertion is misguided. The court did not consider or apply the doctrine of qualified immunity but rather dismissed the causes of action as to the individual defendants because Daniels did not make any specific factual allegations concerning them.

Daniels objects to the dismissal of her complaint before service. That contention lacks merit. The district court properly undertook an initial screening of Daniels's complaint and appropriately exercised its authority to dismiss it *sua sponte* before service. *See* 28 U.S.C. § 1915(e)(2)(B).

Daniels contends that the district court impermissibly resolved factual disputes in concluding that her complaint should be dismissed. That theory is not supported by the record. The court did not dispose of Daniels's claims by resolving any disputed factual issues; instead, it determined that, in light of the facts and causes of action that she pleaded, she could not proceed. Daniels further asserts that reassignment to a different judge is required if the case is remanded. Because she has not shown error in the disposition of her § 1983 suit, that argument is moot.

The judgment is AFFIRMED. Daniels's request to supplement the appellate record with new materials is DENIED. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).