# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2024

Lyle W. Cayce

Clerk

———————

No. 23-20594
Summary Calendar

———————

Latosha Diggles,

*Plaintiff—Appellant*,

*versus*

Lindsay Law Firm P.L.L.C.; Texas Farmers Insurance Company; Ninth Court of Appeals; Jefferson County District Clerk's Office; Dick Law Firm, P.L.L.C.; Robert H. Trapp, *Judge*; Jefferson County Sheriff's Office; Teri Daigle,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-4546

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Latosha Diggles moves to proceed in forma pauperis (IFP) on appeal from the dismissal, without prejudice, of the claims raised in her civil rights

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

action pursuant to 28 U.S.C. § 1915(e)(2)(B). By moving to proceed IFP in this court, Diggles challenges the district court's certification that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is "limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Diggles notes that the district court did not afford her the opportunity to amend her complaint. Generally, a pro se litigant should be offered an opportunity to amend her complaint before it is dismissed. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, a district court does not err in denying a pro se plaintiff leave to amend where the plaintiff has already pleaded her "best case," or where the dismissal was without prejudice. *Id.* Here, inasmuch as Diggles does not explain what facts she could have pleaded in an amended complaint or how she could have overcome the many deficiencies identified by the district court, and considering that the dismissal is without prejudice, she has not shown error. *See id.*

As to her claims against Judge Robert H. Trapp, Diggles asserts in a conclusory manner that Judge Trapp is not entitled to judicial immunity and sovereign immunity because his actions were outside his judicial capacity. However, Diggles's allegations against Judge Trapp focused on his rulings in her state court litigation. "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). Further, "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis v. Tarrant Cnty.*, 565 F.3d 214, 228 (5th Cir. 2009). In view of the foregoing, Diggles fails to show error in the dismissal of her claims against Judge Trapp.

2

No. 23-20594

Diggles does not brief a challenge to the district court's stated reasons for dismissing her claims against the other seven defendants. She has therefore waived any such challenges. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Finally, Diggles contends that the district court was incorrect in determining that this is the fifth lawsuit she has filed in federal district court regarding her state court property insurance dispute. As the number of lawsuits filed by Diggles does not affect the disposition of the instant appeal, we need not resolve the issue. *See Nadler v. Am. Motors Sales Corp.,* 764 F.2d 409, 412 n.1 (5th Cir. 1985).

Because Diggles has failed to identify any issue of arguable merit, her motion to proceed IFP is DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; *see also* 5th Cir. R. 42.2.

This is the second frivolous appeal Diggles has recently pursued from the dismissal of civil rights claims related to state court litigation concerning her property insurance dispute. *See Diggles v. Surratt*, No. 23-20564, 2024 WL 339106 (5th Cir. Jan. 30, 2024) (unpublished). Diggles is WARNED that additional frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.